*402 The charge of the Court was delivered on November 28, 1863, as follows per
Ryon, P. J.:
The true measure of damages or compensation is the difference between what the whole property would have sold for, unaffected* by the railroad, and what it would have sold for as affected by it. You ar-> required to take into consideration the advantages and disadvantages resulting to the plaintiff in consequence of the construction of this road, and we cannot doubt that the compensation js to be sufficient to cover all the damages actually sustained by the construction of the road, whether direct of consequential. Contingent, remote and speculative damages, which are not susceptible of definition, or proximately chargeable, as the consequence of the opening and making of the road, such as accidental fire, from locomotives, or depend on accidental circumstances, existing at the time, are not proper subjects for consideration. Again, the defendants have offered evidence to prove an agreement between the plaintiff and the company, by which the company, after having laid out their road north of the spring, and near the plaintiffs buildings wore induced by the plaintiffs to change their location, further up towards the mountain, upon the condition that the plaintiff would give the way free. The defendants rely principally upon the evidence of Lyon, Dieter and Clymer to establish the contract. (The Court here referred to the evidence.) The defendants are bound to establish the alleged contract, by clear precise and satisfactory proof, or else it cannot avail them in this case. There is some discrepancy in the evidence, as to whether thé land only was given, or whether the plaintiff was to relinquish all claims for damages. If, however, you find the plaintiff agreed to give the land, without qualification or reservation, that would discharge the defendants from any liability for damages. If you' find the defendants have established the contract by clear, precise and satisfactory proof, and that the company changed their line in pursuance of this agreement, and have expended their money upon this line upon the faith of this agreement, the plaintiff cannot recover. The court being in some degree doubtful as to whether E. M. Clymer, a witness, is in fact interested in the event of this suit, refers the question to the jury, to determine the *403 ■fact whether or not he has an interest in the event of this suit. The interest to render a witness incompetent must be certain, direct aud vested ; and not an interest uncertain, remote, or contingent. Did Clymer absolutely sell and transfer his stock ? Did he part with all his interest? If he did, he is not interested. If >he did not part with his interest; only transferred the legal title, his interest still remaining, he is interested. If you find him interested in the event of this suit, you should disregard his testimony. If his interest is of a doubtful nature, the objection goes ■to bis credibility and not to his competency.
November 28, 1863, verdict for plaintiff for $1,140.10.
The railroad company then took a writ of error complaining of the charge of the Court.
F. W. Hughes, Esq., for plaintiff in error.
B. W. Gumming and J. W. By on, Esqrs., contra.
The Supreme Court reversed the decision of the Court below -on March 10, 1864, in the following opinion per
Read, J.:
Upon an examination on the voir dire the evidence is for the judge alone, and the jury is supposed not to hear it. It was error therefore on the part of the Court to submit to the jury the question whether Mr. Clymer had an interest in this suit or not, there being no evidence whatever before them on this point. This, no ■doubt, had a damaging effect upon his testimony with the jury, ■and may have led them to reject it altogether.
There are certain contracts, such as between parent and child, and parol purchases of lands, in which our Courts have held they must be proved by “direct and positive evidence.” “The contracts •must be established by clear, unequivocal proof, and that it be •definite in its terms,” not only “by competent proof, but it should be clear, definite and unequivocal.” “It must be»direct, positive, •clear and satisfactory.” “Clear, distinct and positive.” But in all ordinary cases, where the agreement or contract being by parol, is submitted upon the evidence to the jury, it is simply a question •of the weight of evidence, and on which side it preponderates. In the present'case the evidence was direct, and the Court probably *404 misled the jury, by using phrases nearly similar to those above stated. “The defendants,” said the learned judge, “are bound to establish the alleged contract by clear, precise and satisfactory proof, or else it cannot avail them in this case.” Now precise is-exact, which is asking the highest degree of proof. The Court will no doubt modify these expressions on another trial.
Judgment reversed and a venire de nouo awarded.
Note — This case went to the Snpreme Court a second time, and is reported in 4 P. F. S. 144.