WILLIAM EVANS *v.* STATE OF MISSISSIPPI.

**Criminal Law — Evidence — Incompetent Testimony.**

> In the trial of one indicted for an assault and battery with intent to kill and murder, it is error to permit a witness for the State to testify that he suspected certain persons related to the defendant to have been engaged in the commission of the offense.

Evans was indicted and tried on a charge of assault and battery with intent to kill and murder one Hayes.

The court permitted the district attorney to ask witness Hendricks whether he suspected persons related to the defendant to

----

Impressions, opinions, and faint recollections of a witness are inadmissible without the facts on which they are founded. Torrance *v.* Hurst, 1 Walk. 403.

A test of admissiblity of evidence is its relevancy and not its conclusiveness. Everman *v.* Robb, 52 Miss. 653.

A witness must testify from his own knowledge. His statements that so far as he knew or believed the property in controversy belonged to the plaintiff are incompetent. Wells *v.* Skipp, 1 Walk. 353.

have been engaged in the commission of the offense for which he was being tried. There was objection by defendant.

Over the objections of defendant, the same witness was permitted to testify that, while he did not know, he suspected that persons related to the defendant had taken part in the shooting of Hayes.

From a verdict of guilty and sentence defendant appealed to the Supreme Court.

APPEALED from Circuit Court, Hinds county, First District, T. J. WHARTON, Judge.

Reversed and remanded for a new trial, April 19, 1886.

*Attorneys for appellant, J. A. Brown and Calhoun & Green.*

*Attorney for appellee, T. M. Miller, Attorney-General.*

Brief of J. A. Brown:

* * * Cross-examination though within the discretion of the court so far as *relevancy* is concerned yet must be confined to legal questions. This discretion covers objections to the relevancy of the evidence. Suspicions of Hendricks and other witnesses were *incompetent.* Moreover these suspicions and especially the fact that they suspected some one connected with Evans had no bearing upon the credibility of the witnesses or their truthfulness or judgment. These inquiries and the introduction of these suspicions were for the purpose of making the jury believe that Evans was connected with the attempted assassination. The bill of exceptions shows that they were objected to *because they were suspicions* and the court admitted them *without any explanation,* instruction, or otherwise to the effect that they were mere tests of credibility and were not to be received as facts in the case. Moreover the bill of exceptions shows that the defendant afterward asked the court to *exclude the suspicions* from the jury and the court overruled the motion and allowed them to remain as part of the evidence for the jury's consideration. Miller *v.* Smith, 112 Mass. 476; The Elton *v.* Larkin, 5 C. & P. 385. * * *

Not a shadow of doubt exists that Evans would have been acquitted if this by-play had not taken place and the suspicions introduced to the jury. 1 Greenleaf, Evidence, §§ 52, 449.

The only cases in which suspicions are competent are in slander

or malicious prosecution suits, where the defendant seeks to mitigate damages by showing probable cause for his words or acts. 2 Greenleaf, Evidence, § 458; 1 Greenleaf, Evidence, § 449.

Brief of T. M. Miller, Attorney-General:

* * * I submit to the court whether in view of the instructions given necessitating the exclusion *by evidence* of all reasonable doubt; the exclusion of mere threats as constituting the crime (and in view of the fact that Hendricks said he did not know anything), the statement of his *suspicions* could have been of prejudice to the defendant.

Here was a sworn jury trying a case according to the law and evidence. A mere suggestion of counsel would at once dispel the idea that the suspicion of a witness that some connection of defendant was implicated could be regarded as evidence. It is so extremely unlikely, manifestly so I may say, that a jury would pay heed to such idle talk, that this statement may be safely relegated to the category of impertinent and immaterial for the admission of which courts do not reverse judgments.

The court will observe that the examination of the witness is not set out in the bill of exceptions; further that the witness Hendricks admitted that he had previously said he could put his hand on the person who did the shooting. The cross-examination was designed to bring out what he meant by this statement. The witness might be inquired of touching his suspicions with reference to acts of defendant upon which he based them. When it appeared that his suspicions were based on nothing and did not relate to the defendant nor connect him with the object of his suspicions in the crime, it is difficult if not impossible to conceive that any harm was done by the testimony.

I do not pretend to say that it is proper to prove suspicions of witness in any case involving either the accused or third parties. My contention is that the idea of injury having been done in this case, granting a spark of intelligence or fairness to the jury, by the admission of the evidence is purely frivolous. * * *

OPINION.— COOPER, C. J.:

It was error to permit the district attorney to ask the witness Hendricks whether he " suspected persons related to the defendant to have been engaged in the perpetration of the offense " for which the defendant was on trial. Against the repeated objec-

tions of the appellant, this witness was permitted to testify that while he did not know, he "suspected" that a person related to appellant had taken part in the criminal shooting of Hayes. These suspicions may have been formed from the merest floating rumors not arising to the dignity of hearsay evidence, or may have been totally unfounded. In any event, or however strongly and honestly entertained by the witness, they were wholly incompetent and the manifest effect was to prejudice the defendant with the jury, and because of its introduction, the

Judgment is *reversed,* and a new trial awarded.